UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| SKY ZONE, LLC, | Case No. 2:10-CV-567 JCM (PAL) |
| Plaintiff(s), | ORDER |
| v. | |
| FLIP N OUT, LLC, | |
| Defendant(s). | |

Presently before the court is plaintiff Sky Zone, LLC's ("plaintiff") motion *in limine*. (Doc. # 118). Defendant Flip N Out, LLC ("defendant") filed a response. (Doc. # 121).

**I.     Background**

The instant dispute arises out of alleged infringement of U.S. Patent No. 5,624,122 ("'122 patent"). (Doc. # 1). The '122 patent involves a trampoline field used for sport and recreation. (Doc. # 56-3). The patent was issued on April 29, 1997, to Karin-Maria K. Winkelhorn. (Doc. # 1 at 3). On April 12, 2002, Winkelhorn assigned the '122 patent without limitation to plaintiff Sky Zone, LLC. (Doc. # 56-12). In 2004, plaintiff opened a trampoline field based on the '122 patent in Las Vegas, Nevada. (Doc. # 56-1).

In April 2010, defendant Flip-N-Out, LLC opened a trampoline field in Las Vegas. (Doc. # 56-4). Plaintiff alleges that defendant's trampoline field directly infringes on the '122 patent. (Doc. # 1). Upon discovery of this alleged infringement, plaintiff sent defendant two cease and desist letters, to which defendant has not replied. (Doc. # 56-3, 4).

On April 20, 2010, plaintiff filed the instant suit alleging infringement of the '122 patent under 35 U.S.C. § 271, *et seq*. (Doc. # 1). On June 1, 2010, defendant filed an answer and counterclaim seeking a declaration of non-infringement, invalidity, and unenforceability of the

**James C. Mahan**
**U.S. District Judge**

'122 patent. (Doc. # 11). On June 15, 2010, plaintiff filed an answer to defendant's counterclaim. (Doc. # 12).

On May 29, 2012, plaintiff filed a partial motion for summary judgment asking the court to find infringement of the patent and dismiss defendant's counterclaim. (Doc. # 56). On May 29, 2012, defendant filed a motion for summary judgment seeking a declaration that its trampoline field does not infringe plaintiff's '122 patent as to claims 1-4. (Doc. # 57).

The court denied both motions without prejudice and referred the matter to Magistrate Judge Leen for a *Markman* hearing. (Doc. # 71). On January 27, 2014, Judge Leen issued a claim construction order. (Doc. # 84). The parties then renewed their motions. (Docs. # 85, 87).

On August 12, 2014, the court granted plaintiff's partial motion for summary judgment and denied defendant's motion. The court found that defendant's system literally infringes the '122 patent. (Doc. # 90). The following issues remain for trial: (1) the amount of damages that should be awarded to plaintiff for defendant's infringement of the '122 patent; (2) whether defendant's infringement of the '122 patent was willful; (3) whether an award of attorney's fees is justified; and (4) whether plaintiff is entitled to a permanent injunction. (Doc. # 114).

The case is currently set for trial on November 2, 2015. (Doc. # 116).

**II.     Legal Standard**

"The court must decide any preliminary question about whether . . . evidence is admissible." Fed. R. Evid. 104. Motions *in limine* are procedural mechanisms by which the court can make evidentiary rulings in advance of trial, often to preclude the use of unfairly prejudicial evidence. *United States v. Heller*, 551 F.3d 1108, 1111-12 (9th Cir. 2009); *Brodit v. Cambra*, 350 F.3d 985, 1004-05 (9th Cir. 2003).

"Although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1980). Motions *in limine* may be used to exclude or admit evidence in advance of trial. *See* Fed. R. Evid. 103; *United States v. Williams*, 939 F.2d 721, 723 (9th Cir. 1991) (affirming district court's ruling *in limine* that prosecution could admit impeachment evidence under Federal Rule of Evidence 609).

James C. Mahan
U.S. District Judge

- 2 -

Judges have broad discretion when ruling on motions *in limine*. *See Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002); *see also Trevino v. Gates*, 99 F.3d 911, 922 (9th Cir. 1999) ("The district court has considerable latitude in performing a Rule 403 balancing test and we will uphold its decision absent clear abuse of discretion.").

"[I]n limine rulings are not binding on the trial judge [who] may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000); *accord Luce*, 469 U.S. at 41 (noting that *in limine* rulings are always subject to change, especially if the evidence unfolds in an unanticipated manner).

### III. Discussion

In the instant motion, plaintiff asks the court to prohibit defendant from relitigating claim construction and infringement of the patent at issue during the trial. Plaintiff specifically requests an order prohibiting defendant, "its counsel and its witnesses from offering statements or references regarding claim construction and alleged non-infringement of the '122 patent during *voir dire*, opening statements, trial, or closing arguments." (Doc. # 118).

Defendant responds that it does not intend to relitigate the claim construction and infringement issues "in the sense that plaintiff suggests." Defendant states that evidence regarding the differences between the parties' systems, and defendant's belief that its system does not infringe plaintiff's patent, is relevant to the issue of willfulness. Defendant also argues that the objections in plaintiff's motion are too general for an *in limine* ruling, and should be made at trial. (Doc. # 121).

Although defendant now concedes that the court's prior orders stand, the parties' joint pretrial order states that defendant "intends to show that it does not infringe the '122 patent." (Doc. # 114). Further, in its response to the instant motion, defendant represents that the court's prior rulings are "not final and may be revisited." Defendant also notes that because it plans to challenge the court's existing orders on appeal, the court should permit defendant to introduce evidence of its understanding of the claims, "to allow for an appeal on a fully developed record as to the issues of claim construction and literal infringement." (Doc. # 121).

**James C. Mahan**
**U.S. District Judge**

- 3 -

While defendant is entitled to challenge appealable issues with the Ninth Circuit, the court will not revisit at trial any issues already decided during claim construction and on summary judgment. Accordingly, the parties will not be permitted to introduce testimony or evidence not relevant to the limited issues still before the court. The subjects to be adjudicated at trial are confined to those presented in the parties' joint pretrial order. These do not include claim construction and infringement.

Based on defendant's current representations, the court understands that defendant will not attempt to relitigate these issues previously decided by the court. However, the court will not preclude any mention of claim construction at this time, as the extent and details of the infringement may be relevant to the issue of willfulness. *See Cohesive Techs., Inc. v. Waters Corp.*, 543 F.3d 1351, 1374 (Fed. Cir. 2008) (affirming finding of no willful infringement where claim was susceptible to reasonable, non-infringing construction).

The court will therefore grant plaintiff's motion *in limine* to the extent it seeks an order precluding defendant from relitigating prior issues and alleging non-infringement. However, the court will deny the motion insofar as it asks the court to prohibit any mention of claim construction.

**IV.     Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's motion *in limine*, (doc. # 118), be, and the same hereby is, GRANTED insofar as it seeks an order precluding defendant from relitigating claim construction and alleging non-infringement, and DENIED insofar as it asks the court to prohibit any mention of claim construction.

DATED July 28, 2015.

_____
UNITED STATES DISTRICT JUDGE